IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERRY MOTOLO, | : | |
|     Petitioner | : | No. 1:15-cv-00802 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| J. BALTAZAR, | : | (Magistrate Judge Schwab) |
|     Respondent | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 24, 2015, Petitioner Perry Motolo, a federal prisoner at the Allenwood Federal Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the confiscation of some of his property. (Doc. No. 1.) On April 27, 2015, Magistrate Judge Schwab issued a Report and Recommendation in which she recommends the Court dismiss the petition without prejudice for lack of subject-matter jurisdiction. (Doc. No. 4.) Specifically, Magistrate Judge Schwab concluded that a Section 2241 habeas petition is not the proper vehicle for claims relating to the confiscation of property. (Id.) Magistrate Judge Schwab also noted, without making any determination as to the ultimate merits of such a claim, that Petitioner's claim may instead be cognizable as a Bivens civil action. (Id.)

On May 13, 2015, Petitioner filed a "motion to clarify" which the Court construes as objections to Magistrate Judge Schwab's Report and Recommendation. (Doc. No. 6.) However, the Court will overrule Petitioner's objections. Nothing in Petitioner's dense "motion to clarify" specifically objects to Magistrate Judge Schwab's recommendation, beyond conclusory assertions that Section 2241 applies. (See id.) However, as Magistrate Judge Schwab correctly noted, Petitioner is not alleging claims that are cognizable under Section 2241, such as the loss

of good time credits or a challenge to the execution of his sentence, rather he is alleging that he was deprived of his property. See e.g., Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012); Amexiane v. Obama, No. 05-392, 2014 WL 3563036, at *2 (D.D.C. July 21, 2014) (citing cases for the proposition that "claims for the return of lost, damaged, or confiscated property – including money – are not cognizable in a writ of habeas corpus"). Rather, as the Third Circuit has written, habeas relief is "quite limited" and "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [Section] 1983 [rather than a habeas petition] is appropriate." Leamer v. Fauver, 288 F.3d 532, 540, 542 (3d Cir. 2002). The Court finds that is clearly the case here, and a civil action, rather than a habeas petition, is the appropriate vehicle for Plaintiff's claims.

Indeed, Petitioner's "motion to clarify" is addressed more to the viability of his underlying claims – for example, Petitioner argues that he has "stated a claim" and that there are "genuine issues for trial" (see Doc. No. 6) – rather than making any substantive attack on Magistrate Judge Schwab's conclusions regarding applicability of Section 2241 to his claims. The Court reiterates, as Magistrate Judge Schwab made clear in her Report and Recommendation, that without making any determinations as to their ultimate merit, Petitioner's claims may be alternatively cognizable as a Bivens claim. See Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001) (noting that a Bivens action, "the federal equivalent of the [Section] 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law"). Because the Court agrees with Magistrate Judge Schwab that Petitioner's claim is not cognizable as a habeas corpus claim, and will adopt her Report and

Recommendation.

**ACCORDINGLY**, this 22nd day of June 2015, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Schwab's Report and Recommendation (Doc. No. 4) is **ADOPTED**;

2. Petitioner's "motion to clarify" (Doc. No. 6) is **DENIED**;

3. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of a proper civil action regarding these claims; and,

4. The Clerk of Court is directed to close the case.

          S/ Yvette Kane
          Yvette Kane, District Judge
          United States District Court
          Middle District of Pennsylvania